**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID MORENO CONSTRUCTION, INC., a California corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>FRONTIER STEEL BUILDINGS CORP., a Colorado corporation,<br><br>             Defendant. | 1:08-cv-0854 OWW SMS<br><br>AMENDED SCHEDULING CONFERENCE ORDER<br><br>Further Scheduling Conference: 11/13/09 8:15 Ctrm. 3<br><br>Settlement Conference Date: 2/3/10 10:00 Ctrm. 7 |

I.   Date of Scheduling Conference.

   June 26, 2009.

II.  Appearances Of Counsel.

   Law Office of Russell D. Cook by Russell D. Cook, Esq., appeared on behalf of Plaintiff.

   John A. Meininger, Esq., appeared specially, reserving the Defendant's objections to jurisdiction and/or venue in the Eastern District of California, on behalf of Defendants.

III. Summary of Pleadings.

   **Plaintiff's Summary**.

   1.   This action concerns a public works project for the Kern Unified School District for the construction of its Records

1

1  Retention Facility (the "Project").  Davis Moreno Construction
2  Inc., ("Davis Moreno") submitted a bid to the District and was
3  subsequently awarded the prime contract in connection with the
4  Project.  In its role as prime contractor, Davis Moreno engaged
5  subcontractors and suppliers, including Frontier Steel Buildings
6  Corp. ("Frontier Steel").
7       2.   A portion of the Project required the fabrication and
8  erection of a steel building.  During the bidding process, Davis
9  Moreno obtained a bid from Defendant, Frontier Steel, for the
10 steel structure for the KUSD Office Record Retention Facility.
11 The proposal by Frontier Steel included an offer to erect the
12 structure.
13      3.   Davis Moreno was the low bidder and was awarded the job
14 by the Kern High School District.  Davis Moreno listed Frontier
15 Steel on the list of subcontractors supplied to the Kern High
16 School District.  Frontier Steel was notified by the Davis Moreno
17 estimating and bidding department that they were selected as a
18 subcontractor on the Project.
19      4.   On December 13, 2007, Davis Moreno sent to Frontier
20 Steel a Purchase Order for the steel dated December 11, 2007.  On
21 January 10, 2008 Davis Moreno received a modified Purchase Order
22 by fax transmission from Frontier Steel.  On the same day, Davis
23 Moreno signed the Purchase Order, subject to the conditions set
24 forth in a letter by Davis Moreno to Frontier Steel outlining
25 that Davis Moreno was agreeable relative to the Purchase Order.
26      5.   Under the terms of the Contract, Frontier Steel was to
27 provide and deliver a pre-engineered steel building at the job
28 site in Bakersfield, California, for use in Davis Moreno's

1  construction of the Kern Unified School District's records
2  retention building.  However, Frontier Steel refused to honor
3  their bid to provide erection or an erector for the building for
4  their quoted $70,750.
5          6.   After Frontier Steel received Davis Moreno's letter of
6  January 10, 2008, they proceeded to perform under the agreement,
7  which included the agreement as to how jurisdiction would be
8  established.  The contract specifically required strict time
9  requirements fo the submission and performance of the terms of
10 the contract.  The contract also specified that Davis Moreno
11 would be damaged if Frontier Steel failed to perform in a timely
12 manner or in accordance with the Project schedule.  The contract
13 further specified that non-performance by Frontier Steel would
14 result in substantial damages suffered by Davis Moreno at the
15 responsibility of Frontier Steel due to its nonperformance.
16         7.   During the course of the Project, Frontier Steel failed
17 to provide its submittals in a timely manner, in direct breach of
18 the contract.  Furthermore, on or about 6-16-08, Frontier Steel
19 announced its position was to stop work on the Project
20 altogether, which has resulted in and will result in further
21 damages to Davis Moreno.  Frontier Steel has not performed
22 pursuant to the contract deadlines and has caused significant
23 delays on the Project.
24         8.   As a result of Frontier Steel's noncompliance, Davis
25 Moreno has suffered liquidated damages at $1,000 per day for
26 approximately 150 days; anticipated additional liquidated damages
27 at a cost to Davis Moreno at $1,000 per day; extended performance
28 costs at the rate of $600 per day charged directly to Davis

1  Moreno by the Project owner; and anticipated additional
2  liquidated damages at a cost to Davis Moreno of $600 per day with
3  possible extended performance costs and other impact costs; as
4  well as extended costs for Davis Moreno to mitigate its damages
5  by contracting with others to perform Frontier Steel's duties on
6  the Project at an estimated cost of $70,000.
7       9.   Additionally, Davis Moreno contends that the work
8  provided or offered to be provided by Frontier Steel in
9  connection with the Project required a contractor's license.
10 Frontier Steel does not possess a California contractor's license
11 and, as such, under California law, Davis Moreno is entitled to
12 seek disgorgement of all funds it paid to the unlicensed
13 contractor, namely Frontier Steel.
14      **Defendant's Summary**
15      10.  Frontier Steel filed its Motion to Dismiss for lack of
16 jurisdiction asserting that the facts of this case do not
17 establish the minimum contact necessary for jurisdiction over
18 Frontier Steel in the subject transaction and seeking dismissal
19 for an inconvenient forum with transfer to the U.S. District
20 Court for the District of Colorado.
21      11.  Defendant has filed its Motion to Reconsider the
22 Court's Order of June 10, 2009, denying Defendant's Motion to
23 Dismiss.  The motion is calendared for September 14, 2009, at
24 10:00 a.m.
25      12.  Frontier Steel is a Colorado corporation engaged in the
26 design engineering of pre-engineered steel buildings.  Davis
27 Moreno, as General Contractor, entered into a contract ("Master
28 Contract") for the construction of a Records Retention Facility

4

with Kern Unified School District ("KUSD").

13.  Davis Moreno and KUSD solicited bids from suppliers nationwide by posting requests for bids on the internet.  The bids submitted by parties like Frontier Steel were shared among general contractors bidding on the Project.  Davis Moreno won the contract for the Project with KUSD.  Davis Moreno chose to deal with Frontier as its supplier for a pre-engineered steel building, and accepted Frontier Steel's form of bid, its quote.

14.  The bid quote contained a declaration that the contract is "deemed to be executed in Colorado."

15.  The parties finalized the terms of their agreement by letter dated January 10, 2008 from Davis Moreno to Frontier Steel.  That letter was accepted in Colorado by Frontier Steel.

16.   The agreement between Davis Moreno and Frontier Steel did not incorporate terms of the Master Contract with KUSD.

17.  Furthermore, the Davis Moreno - Frontier Steel contract did not include erecting the steel building on site in California.  Frontier's Quote estimated the cost of erection, but was never intended as a bid to erect the building, and terms for erecting the building were not included in the contract or the contract price between Frontier Steel and Davis Moreno.

18.  Frontier Steel was a supplier, not a subcontractor, obligated only to design a pre-engineered steel building according to the general specifications of the Project, to provide the engineering calculations, and to order and supply the steel required for erection of the designed pre-engineered steel building.

19.  Frontier commenced performance on or about January 10,

1  2008.  Final delivery according to the contract specifications
2  took place on or about June 15, 2008.  During this period of
3  performance, Frontier did not deal with KUSD or any municipality.
4  Reviews and approvals were all directly solicited by Davis
5  Moreno.
6      20.  Time requirements, if any, in the Master Contract
7  between KUSD and Davis Moreno as General Contractor were not
8  incorporated into the Frontier - Davis Moreno Contract.
9      21.  Immediately upon the execution of a contract, Frontier
10 Steel commenced performance requirements and delivered its first
11 drawings on January 25, 2008.  Davis Moreno requested
12 modifications of the drawings on at least four occasions.  A
13 permit was issued and approval for production of steel given on
14 June 3, 2008.  Construction drawings for steel fabrication were
15 completed on June 19.  The last requested changes were as late as
16 June 22 and July 9 when the HVAC supplier and the Mechanical
17 supplier(s) provided their location support requirements.  The
18 first delivery of steel was made on July 18, 2008.  All steel was
19 delivered.
20     22.  The contract was completed within 138 working days of
21 execution.  The review process for Davis Moreno, its architect,
22 the school district and any municipal reviews consumed at least
23 28 working days.  Revisions requested by Davis Moreno consumed
24 approximately the same number of days.  All design and delivery
25 performance requirements contained in the Frontier - Davis Moreno
26 Contract were dependent upon review, approval and permit issuance
27 procedures not in the control of Frontier; namely review and
28 approval by Davis Moreno, KUSD, architects, and municipalities.

1  Frontier was not responsible for dealing with KUSD or any
2  municipality or their architects.
3      23.  Frontier Steel's only representation regarding time of
4  delivery was a general estimate in its Quote that design
5  procedures may be completed within 100 working days (20 weeks, or
6  five months; i.e. June, 2008).  Davis Moreno's changes required
7  redesign, recalculation, resubmission and change orders.  Changes
8  mandated by others impacted completion by Frontier Steel.
9  Considering those matters within the control of Frontier Steel,
10 Frontier Steel met its stated standard for delivery.  Strict time
11 requirements were not specified by the Frontier Steel - Davis
12 Moreno contract.
13     24.  Alleged delays, if any, in the performance of Frontier
14 Steel are not well founded upon the terms of the Frontier Steel -
15 Davis Moreno contract.  Alleged delays, if any, in the delivery
16 or installation of steel were caused by Davis Moreno or by third
17 parties not in the control of Frontier Steel.
18     25.  Having performed its contract obligations as agreed,
19 Frontier Steel was then confronted with changed and additional
20 demands for performance beyond its contract obligations.  When
21 Davis Moreno refused to approve change orders to cover the
22 demanded additional performance, Frontier Steel was not obligated
23 to provide the supplemental performance.  Any delay, injury or
24 loss claimed by Davis Moreno arising from these circumstances are
25 not the responsibility of Frontier Steel.
26     26.  Accordingly, Frontier Steel is not responsible for
27 liquidated damages assessed against Davis Moreno by KUSD pursuant
28 to the Master Contract, if any.

27. Frontier Steel is not responsible for alleged delay claims, extended performance costs, and impact costs allegedly associated with the allegedly untimely performance of Frontier Steel made against Davis Moreno by KUSD or third party subcontractors and suppliers because of separate agreements made by Davis Moreno pursuant to the Master Contract or in its contracts with its on-site subcontractors or other suppliers. Davis Moreno had not consulted Frontier Steel regarding Davis Moreno's time commitments made to its subcontractors or other suppliers. Frontier Steel never agreed to them, and had no contract obligation to meet such time requirements.

28. Frontier Steel was not obligated to perform any service in California; did not perform as a contractor in California, and is not a Contractor within the meaning of California law. Frontier Steel is not obligated to possess a California contractor's license. Davis Moreno is not entitled to disgorgement of funds paid to Frontier Steel.

29. Frontier Steel delivered certain services and supplies to Davis Moreno for the Project pursuant to the Frontier Steel - Davis Moreno contract for which Frontier Steel has not been paid. Frontier Steel brought its claim for these sums in its action before the District Court of the County of Douglas, State of Colorado. These claims will be raised as a counter-claim and set-off against the claims of Davis Moreno.

IV. Orders Re Amendments To Pleadings.

1. Plaintiff has filed a motion to file a second amended complaint to name material suppliers, engineers and other third parties who contracted with Frontier Steel during the course of

8

the Project.  The legal theories asserted against these third parties who contacted with Frontier Steel may include breach of implied warranty, breach of express warranty, negligence and indemnity.

    2.   Defendant's jurisdictional motions were only recently denied by order dated June 2, 2009.  Defendant has filed a motion for reconsideration.  Defendant must still file its Answer or other responsive pleadings.  Defendant would reserve its rights to further amend based upon reasonable discovery.  Accordingly, Defendant's time and opportunity to properly complete its pleadings should be included in any scheduling order.

    3.   Plaintiff's claims arise in connection with the erection of the Project by third parties not in the control of Frontier Steel.  Frontier Steel must reserve time to amend and to join third parties based upon potential third-party conduct.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Davis Moreno is a corporation licensed to do business in the State of California and incorporated in California.

        2.   Davis Moreno was the general contractor on a project owned by the Kern Unified School District known as the Records Retention Facility Project.

        3.   Frontier Steel Buildings Corp. is a Colorado corporation licensed to do business in the State of Colorado.

        4.   Davis Moreno and Frontier Steel entered into a contract in connection with the Project.  (The terms of the

9

contract and its requirements are in dispute).

  B. Contested Facts.

    1. All remaining facts are contested.

VI. Legal Issues.

  A. Uncontested.

    1. Jurisdiction is claimed to exist under 28 U.S.C. § 1331. Defendant disputes the Court's *in personam* jurisdiction.

    2. Venue is proper under 28 U.S.C. § 1391.

    3. Defendant disputes that the Eastern District of California, Fresno Division, is the proper venue for the case.

    4. The parties do not agree as to the applicable law governing the contractual relationship.

  B. Contested.

    1. Whether the Court has personal jurisdiction over Frontier Steel.

    2. Whether venue is appropriate.

    3. Whether Frontier Steel breached the contract.

    4. Whether Frontier Steel is subject to California's Contractor's License Law.

    5. Whether California or Colorado law is applicable.

    6. Whether Frontier is prejudiced by inconvenient forum.

    7. Whether Davis Moreno breached the contract.

    8. Whether the contract was entered into in Colorado or California.

    9. Whether the contract is governed by the Uniform Commercial Code.

    10. Whether Frontier is entitled to affirmative

defenses including, but not limited to, Davis Moreno's own conduct, waiver, consent, or estoppel, and the intervening conduct of third parties.

11. What is the proper measure of damages or set-offs claimed by both Plaintiff and Defendant.

12. Whether the statute of frauds pertains to any claim.

13. Whether damages claimed by Davis Moreno based upon on-site erection practices may be asserted against Frontier.

## VII. Consent to Magistrate Judge Juridiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

## VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

## IX. Discovery Plan and Cut-Off Date.

1. The parties are going to make their initial disclosures on or before July 20, 2009.

2. The parties do not believe it is necessary to vary the rules regarding limits on discovery.

3. A Further Scheduling Conference is scheduled for November 13, 2009, at 8:15 a.m. in Courtroom 3 before the Honorable Oliver W. Wanger, United States District Judge.

**X.   Motions - Hard Copy.**

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

**XI.   Settlement Conference.**

    1.   A Settlement Conference is scheduled for February 3, 2010, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement.  At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's

chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

       a.   A brief statement of the facts of the case.

       b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

       d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

       e.   The relief sought.

       f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

IT IS SO ORDERED.

Dated:   July 2, 2009                              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE