IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVIS MORENO CONSTRUCTION, INC., | ) ) ) | No. CV-F-08-854 OWW/SMS |
| | ) ) | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S |
| Plaintiff, | ) ) | MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL (Docs. |
| vs. | ) ) | 71 & 71) |
| FRONTIER STEEL BUILDINGS CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Before the Court is Defendant Frontier Steel Building Corporation's ("Frontier") motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Rule 5(a)(3), Federal Rules of Appellate Procedure.[1] Frontier seeks

---

[1] Rule 5(a)(3), Federal Rules of Appellate Procedure, provides:

    (a) Petition for Permission to Appeal.

    ...

1

certification of interlocutory appeal of the Memorandum Decision and Order filed November 9, 2009, (November 9 Memorandum Decision, Doc. 66), which denied Frontier's motion for reconsideration of the Memorandum Decision and Order filed on May 26, 2009, (Doc. 37), denying Frontier's motion to dismiss for lack of personal jurisdiction and for change of venue or to transfer.

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; <u>Provided, however</u>, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The party seeking interlocutory review "'has the burden of persuading the court of appeals that exceptional circumstances

---

> (3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

justify a departure from the basis policy of postponing appellate review until after the entry of a final judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The standard to certify a question of law is high and a district court generally should not permit such an appeal where "it would prolong the litigation rather than advance its resolution." *Syufy Enter. v. Am. Multi-Cinema, Inc.*, 694 F.Supp. 725, 729 (N.D.Cal.1988). Section 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Plaintiff must demonstrate that (1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). "'In applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging "piecemeal appeals."'" *Association of Irritated Residents v. Fred Schakel Dairy,* 634 F.Supp.2d 1081, 1087 (E.D.Cal.2008).

Frontier seeks certification of the following issues for interlocutory appeal:

> 1. Whether the Court abused its discretion or erred as a matter of law in refusing to enforce the parties' bargained for choice of Colorado law contract provision;
>
> 2. Whether the Court erred as a matter of law in its application of the California

3

> Contractor's License statute to a Colorado
> Defendant, a party who contract to design and
> supply, but not erect, a pre-engineered steel
> building for a California Project;
>
> 3. Whether the Court erred as a matter of
> law or abused its discretion by failing to
> apply the appropriate burden of proof
> required to sustain Plaintiff's Complaint,
> including the burden of proof for purposes of
> determining whether Defendant may be subject
> to the California Contractor's License
> statute or the Court may refuse to enforce a
> bargained for choice of Colorado law.

Frontier asserts that these issues should be certified because they "may be controlling issues of law," "are too important to deny review because, in a diversity action, they void a bargained for choice of Colorado law clause and apply a California statute which may include disgorgement remedies; both on which materially control the scope of trial and both of which materially alter the remedies available to the Court," and because "[a]s a practical matter, a Colorado Defendant may be unable to obtain a fair review of a judgment pursuant to the California Contractor License Law because of the extraordinary bankrupting character of the remedies of that law, and the operation of the rules on appeal."[2]

---

[2] Frontier contends that the Court "has previously evidenced the significance of the issues presented by publishing its opinion in this case." The May 26, 2009 Memorandum Decision denying Frontier's motion to dismiss for lack of personal jurisdiction, for change of venue to transfer action is reported by Westlaw as *Davis Moreno Const., Inc. v. Frontier Steel Bldgs.*, 2009 WL 1476990 (E.D.Cal., May 26, 2009). The November 9, 2009 Memorandum Decision denying Frontier's motion for reconsideration is reported by Westlaw as *Davis Moreno Const., Inc. v. Frontier Steel Bldgs.*, 2009 WL 3763706 (E.D.Cal., Nov. 9, 2009). The Court played no part in Westlaw's decision to report either of these Memorandum Decisions.

Frontier has not sustained its burden of proof that the three specified issues are controlling issues of law with respect to which there are substantial grounds for difference of opinion. Frontier's contentions pertinent to enforcement of the contractual choice of law provision and the applicability of California's contractor licensing provisions posed a mixed question of law and fact which could not be finally resolved in the November 9 Memorandum. The issue there was reconsideration of the Court's ruling that this Court possesses personal jurisdiction over Frontier and that venue in this district is appropriate.

Further, Frontier has not carried its burden of demonstrating that immediate appeal of the three issues will materially advance the ultimate termination of this litigation. Frontier's primary concern is that the remedies that might be applied should Davis Moreno prevail in this litigation will be more onerous than those that might be applied under Colorado law. These concerns have little or nothing to do with advancing the ultimate termination of the litigation by an interlocutory appeal. They turn rather on conflict of laws jurisprudence and the mutual intent of the contracting parties, matters to be resolved at trial based on mixed questions of law and fact.

## CONCLUSION

There is a question of fact whether the parties modified

---

The Court did not direct that either be reported or published and neither has been reported in West's official reports.

Frontier's purchase order to authorize the complaining party to establish jurisdiction.  Nonetheless, Frontier's application for certification of an interlocutory appeal will do nothing to achieve termination of the case.  Once jurisdiction and choice of law are resolved, the case will have to be tried to resolve the underlying contractual dispute over the California public works project.  Frontier has not carried its burden of demonstrating exceptional circumstances pursuant to the Section 1292(b) factors that justify certification of immediate appeal.

For the reasons stated, Frontier's motion for certification of interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated:   February 22, 2010            /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE