**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVIS MORENO CONSTRUCTION, INC.,**<br>         **Plaintiff,**<br><br>    **v.**<br><br>**FRONTIER STEEL BUILDINGS CORP.,**<br>         **Defendant.** | **1:08-cv-00854-OWW-SMS**<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 143)** |

### I.  INTRODUCTION.

Plaintiff Davis Moreno Construction, Inc., ("Plaintiff") proceeds with an action for damages against Defendant Frontier Steel Buildings Corp. ("Defendant").

On November 18, 2010, the court entered an order granting Plaintiff's motion for partial summary judgment. (Doc. 120).

More than thirty days later, on December 20, 2010, Defendant filed a Request for 16-Day Extension of Time to File Notice of Appeal. (Doc. 128). The court denied Defendant's motion on January 6, 2011. (Doc. 136). Defendant filed an untimely notice of appeal on January 5, 2011. (Doc. 132).

Defendant filed a motion for reconsideration of the court's order denying the request for extension of time on January 13,

1

2011. (Doc. 143).

## II. <u>LEGAL STANDARD</u>.

A motion for reconsideration is appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there was an intervening change in controlling law. *See School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Osband v. Woodford*, 290 F.3d 1036, 1038 (9th Cir. 1999) (en banc). A reconsideration motion should not merely present arguments previously raised, or which could have been raised, in a previous motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

## III. <u>DISCUSSION</u>.

Defendant seeks reconsideration of the court's order denying Defendant's request for an extension of time. Defendant contends it is entitled to appeal the court's grant of summary judgment under the collateral order doctrine. Defendant has not established that reconsideration is warranted.

Federal Rule of Appellate Procedure 4(a)(5) governs sets forth the standard applicable to motions for extensions of time to file an appeal. Rule 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, **that party shows excusable neglect or good cause.**

Fed. R. App. P. 4(a)(5)(A) (emphasis added). Local Rule 144 also

sets forth guidelines for motions requesting extensions of time. Local Rule 144 provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. **Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor**.

E.D. Cal. R. 144 (emphasis added).

Defendant's request for an extension of time to file a notice of appeal was filed on the date the notice of appeal was due and is thus looked upon with disfavor pursuant to Local Rule 144. *Id*. Further, Defendant's motion reveals that Defendant failed to timely seek an extension from the court, as the purported need for an extension of time became known to Defendant's counsel on or about December 9, 2010, eleven days before Defendant filed its request. Defendant appears to have completely disregarded Local Rule 144. Defendant's motion also fails to comply with Federal Rule of Appellate Procedure 4.

Defendant advances two reasons for its request for an extension of time: (1) Defendant and Plaintiff were engaged in settlement negotiations during the past three weeks but no settlement was agreed upon; and (2) Defendant's counsel underwent surgery on December 16, 2010, and this surgery was not anticipated or scheduled until after December 9, 2010.  (Doc. 128).  In the context of this case, settlement negotiations do not provide good cause for Defendant's delay, especially in light of the fact that Plaintiff was armed with the summary judgment order in its favor and had limited incentive to settle.  With respect to counsel's unexpected surgery, Defendant's counsel fails to articulate why

surgery on December 16-four days before the notice of appeal was due- impaired his ability to file a timely notice of appeal.

The order granting Plaintiff's motion for summary judgment was entered on November 18, almost a full month before the date of counsel's surgery.  Further, the Memorandum Decision on the parties' cross-motions for summary judgment put Defendant on notice of the court's ruling as early as November 2, 2010.  (Doc. 118).

Defendant's request for extension of time to file a notice of appeal did not comply with Local Rule 144 and was not supported by a showing of good cause or excusable neglect as required by Federal Rule of Appellate Procedure 4.  Defendant's motion for reconsideration does not provide any new facts or law that warrant reconsideration of the court's order denying Defendant's request for extension of time.  A reconsideration motion should not only present arguments previously raised, or which could have been raised in a previous motion. *Backlund*, 778 F.2d at 1388.

Defendant's lack of diligence does not warrant reconsideration of the court's prior order.  Defendant's notice of appeal was untimely, as was Defendant's request for extension of time.  Defendant's request for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   February 1, 2011**              /s/ Oliver W. Wanger
                                                           UNITED STATES DISTRICT JUDGE