1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVIS MORENO CONSTRUCTION, INC.,**<br><br>                **Plaintiff,**<br><br><br>     **v.**<br><br><br>**FRONTIER STEEL BUILDINGS CORP.,**<br><br>                **Defendant.** | **1:08-cv-00854-OWW-SMS**<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY (Doc. 133)** |

## I.   INTRODUCTION.

Plaintiff Davis Moreno Construction, Inc., ("Plaintiff") proceeds with an action for damages against Defendant Frontier Steel Buildings Corp. ("Defendant").

On November 18, 2010, the court entered an order granting Plaintiff's motion for partial summary judgment, holding that Defendant was a "contractor" as defined by California's Contractors' State License Law ("CSLL")[1] for the purposes of the parties' agreement. (Doc. 120).

Defendant filed a Motion for Certificate of Appealability pursuant to 28 U.S.C. § 1292(b) on January 5, 2011. (Doc. 133). Plaintiff filed opposition on January 10, 2011. (Doc. 141).

---

[1] CAL. BUS. & PROF. CODE § 7000 *et seq.*

**1**

1  Defendant filed a reply on January 13, 2011.  (Doc. 144).[2]

2                    **II. LEGAL STANDARD**.

3       Federal law authorizes district courts to certify otherwise

4  unappealable orders in certain circumstances.   Pursuant to 28

5  U.S.C. § 1292(b):

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section, shall
> be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in
> writing in such order. The Court of Appeals which would
> have jurisdiction of an appeal of such action may
> thereupon, in its discretion, permit an appeal to be
> taken from such order, if application is made to it
> within ten days after the entry of the order; Provided,
> however, That application for an appeal hereunder shall
> not stay proceedings in the district court unless the
> district judge or the Court of Appeals or a judge thereof
> shall so order.

15  28 U.S.C. § 1292(b).

16      The party seeking interlocutory review "'has the burden of

17  persuading the court of appeals that exceptional circumstances

18  justify a departure from the basis policy of postponing appellate

19  review until after the entry of a final judgment.'" *Coopers &*

20  *Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

21      The standard to certify a question of law is high and a

22  district court generally should not permit such an appeal where "it

23  would prolong the litigation rather than advance its resolution."

24  _____

25  [2] In the motion for certification, and again in Defendant's reply to Plaintiff's
    opposition, Defendant's counsel makes the false statement that the court has
26  signaled the "significance" of the issues entailed in this case by publishing its
    opinions. (Doc. 133 at 2; Doc. 144 at 4).  As the court advised counsel in a
27  prior order, "the court played no part in Westlaw's decision to report [previous]
    Memorandum Decisions." (Doc. 85 at 4 n.2).  Counsel's unfounded representations
28  to the contrary violate applicable standards of professional conduct, as well as
    Federal Rule of Civil Procedure 11.

1   *Syufy Enter. v. Am. Multi-Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D.

2   Cal.1988). Section 1292(b) is to be used only in exceptional

3   situations in which allowing an interlocutory appeal would avoid

4   protracted and expensive litigation. *United States Rubber Co. v.*

5   *Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Plaintiff must

6   demonstrate that (1) there is a controlling question of law, (2)

7   that there are substantial grounds for difference of opinion, and

8   (3) that an immediate appeal may materially advance the ultimate

9   termination of the litigation. *In re Cement Antitrust Litigation*,

10  673 F.2d 1020, 1026 (9th Cir. 1982). "'In applying these standards,

11  the court must weigh the asserted need for the proposed

12  interlocutory appeal with the policy in the ordinary case of

13  discouraging piecemeal appeals.'" *Association of Irritated*

14  *Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D.

15  Cal.2008).

16                        **III. DISCUSSION**.

17        Defendant's motion seeks certification of four issues for

18  appeal:

19        (1) Whether the court erred as a matter of law applying
          the California Contractor's License statute, B&PC 7026,
20        et. seq. to a Colorado Defendant designer and steel
          supplier which did not engage in erection of the subject
21        pre- engineered steel building for a California Project;
          and
22
          (2) Whether the Court erred as a matter of law or abused
23        its discretion in making material findings of fact which
          are not supported by the record regarding Defendant's
24        status as a contractor subject to licensure by the State
          of California; and
25
          (3) Whether the Court abused its discretion or erred as
26        a matter of law in refusing to enforce the parties'
          bargained for choice of Colorado law contract provision;
27        and

28        (4) Whether the Court erred as a matter of law or abused

                                 **3**

1
2
3

its discretion by failing to apply the appropriate burden of proof required to sustain Plaintiff's Complaint, or to establish that Defendant may be subject to the California Contractor's License statute, or the Court may refuse to enforce a bargained for choice of Colorado law.

4
5
6
7
8
9
10

(Doc. 133).  With respect to each of these issues, Plaintiff must demonstrate that (1) there is a controlling question of law implicated, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026.

## A. Controlling Question of Law

11
12
13
14
15
16
17
18
19
20
21
22
23
24

The court's rulings that California law governs the parties' dispute and that Defendant was a contractor within the meaning of California law are rulings on controlling questions of law under the Ninth Circuit's broad standard.  *See In re Cement Antitrust Litigation*, 673 F.2d at 126 (issue is "controlling" if its resolution could materially affect the outcome of the litigation). Defendant does not limit its interlocutory appeal request to these issues, but also seeks to challenge the burden of proof applied in adjudicating the parties' motions for summary judgment. Defendant's challenge to the burden of proof is devoid of merit, as the quantum of proof required to sustain summary judgment has long been settled.  *E.g. Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

25
26
27
28

In essence, Defendant seeks to challenge every ruling the court has made on a premature appeal to totally avoid a trial. Defendant has not carried its burden with respect to any of its requests.

**4**

**B. Substantial Ground for Difference of Opinion**

To determine if a "substantial ground for difference of opinion" exists under 28 U.S.C. § 1292(b), courts must examine the extent to which the controlling law is unclear. *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010). While identification of a sufficient number of conflicting and contradictory opinions will provide substantial ground for disagreement, for purposes of 28 U.S.C. § 1292(b), a dearth of cases does not constitute substantial ground for difference of opinion. *Id*. The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion under 28 U.S.C.S. § 1292(b). *Id*.

Defendant does not offer any legal authority or argument sufficient to establish that there is a substantial ground for difference of opinion regarding the court's choice of law analysis or Defendant's status under California law.[3]   Although there is no definitive pronouncement from the California Supreme Court stating that an entity that prepares shop drawings and fabricates custom materials for erecting a building's structural steel framework is a "contractor" for purposes of the CSLL, existing California authority suggests that such an entity is a contractor. *See WSS Industrial Construction, Inc. V. Great Western Contractors, Inc.*, 162 Cal. App. 4th 581, 593(2008)("the public has a right to expect the party designing [shop drawings]...will, at a minimum, have the

---

[3] Defendant's four-page motion contains no analysis concerning the choice of law issue. (*See* Doc. 133). The court denied Defendant's motion for reconsideration of the choice of law issue on November 9, 2009. (Doc. 66). The court has also already denied Plaintiff's request for certification of the choice of law issue. (Doc. 85).

**5**

qualifications required and to possess a valid contractor's
license;" ); *see also Banis Restaurant Design, Inc. v. Serrano,* 134
Cal. App. 4th 1035, 1044 (Cal. Ct. App. 2005) (design services
"reflect[] coordination of the architect and engineers" and thus
constitute the work of a contractor).  Defendant cites no contrary
authority and provides no analysis as to why there is a substantial
ground for difference of legal opinion on this point.

More importantly, Defendant provides no authority or analysis
to raise a substantial ground for difference of opinion on the
court's construction of the parties' agreement, pursuant to which
Defendant retained broad authority to perform repairs to the
Project's structure in California and to direct performance of such
work by others.  (Memorandum Decision, Doc. 118 at 15-17).  The
Memorandum Decision granting Plaintiff partial summary judgment
found:

> Pursuant to paragraph 13 of the purchase agreement, in
> the event "any corrections of mis-fabrication" were
> required, Defendant had the right to "perform the
> work...itself" or to authorize Plaintiff to perform the
> work. (Stephen Davis Decl., Ex. E) (emphasis added).
> Further, the contract required that any corrections of
> mis-fabrication be approved by Defendant in writing and
> "performed as directed" by Defendant prior to the work
> being done. Affording the words of this provision their
> ordinary meanings, Defendant retained broad authority to
> perform repairs to the Project's structure and to direct
> performance of such work by others. *See California State
> Auto. Asso. Inter-Insurance Bureau v. Warwick*, 17 Cal. 3d
> 190, 195 (Cal. 1976) ("the word 'any' is broad, general,
> and all embracing"). **By retaining broad authority to
> perform work or direct the performance of work on the
> Project, Defendant undertook by contract to alter,
> repair, or improve portions of a building within the
> meaning of the CSLL. CAL. BUS. & PROF. CODE § 7026
> (2010).**

(Id. at 16-17) (emphasis added).  Defendant fails to provide any
authority or analysis which indicates the existence a substantial

1  ground for difference of opinion regarding the court's
2  interpretation of the parties' agreement and its effect on
3  Defendant's status under the CSLL.

4  **C. Advancement of Ultimate Termination**

5      Defendant's motion does not establish that an immediate appeal
6  may materially advance the ultimate termination of the litigation.
7  To the contrary, trial is still required to adjudicate Plaintiff's
8  breach of contract claims, and Defendant has filed a motion to
9  continue the trial in order to permit Defendant to appeal the
10 court's ruling on the CSLL issue.  Moreover, the trial will take
11 three to four days.  Defendant's complaints about the "bankrupting
12 character" of California's CSLL and the difficulty Defendant may
13 face in posting a bond on appeal do not bear on the issue of
14 whether an immediate appeal will materially advance the ultimate
15 termination of the parties litigation.  Instead, Defendant seeks to
16 avoid the trial, set for February 28, 2011, in this more than two-
17 year old case.  Defendant's request for certification is DENIED.
18 IT IS SO ORDERED.

19 **Dated:   February 1, 2011**          _____/s/ Oliver W. Wanger_____
                                         UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28

**7**