**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVIS MORENO CONSTRUCTION, INC.,**<br>           **Plaintiff,**<br><br>     **v.**<br><br>**FRONTIER STEEL BUILDINGS CORP.,**<br>           **Defendant.** | **1:08-cv-00854-OWW-SMS**<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

### I. INTRODUCTION.

Plaintiff Davis Moreno Construction, Inc., ("Plaintiff") proceeds with an action for damages against Defendant Frontier Steel Buildings Corp. ("Defendant").

On November 18, 2010, the court entered an order granting Plaintiff's motion for partial summary judgment, holding that Defendant was a "contractor" as defined by California's Contractors' State License Law for the purposes of the parties' agreement. (Doc. 120).[1]

On December 1, 2010, Plaintiff filed a motion for attorneys' fees. (Doc. 124). Defendant did not file timely opposition to Plaintiff's motion. *See* E.D. Cal. R. 230(c) (opposition due not

---

[1] CAL. BUS. & PROF. CODE § 7000 *et seq*.

**1**

less than fourteen days preceding noticed hearing date).

## II. **FACTUAL BACKGROUND**.

This action concerns a contract between Plaintiff and Defendant related to a public works project for the Kern Unified School District for the construction of its Records Retention Facility (the "Project") in Kern County, California. As the prime contractor on the Project, Plaintiff engaged subcontractors and suppliers, including Defendant.

Pursuant to the parties' contract, Defendant agreed to generate "anchor bolt and structural drawings," "shop drawings and engineering calculations," "fabrication drawings," and to deliver the fabricated materials to the Project site within certain specified time periods. The materials Defendant agreed to provide included primary and secondary steel, roof panels, steel framing, and other materials. Defendant also retained broad authority to perform or direct the performance of corrections to the structural framing it provided. Defendant performed various obligations under the contract, and Plaintiff made several payments to Defendant. In total, Plaintiff paid Defendant $168,025.90.

On June 18, 2008, Plaintiff filed a law suit against Defendant for breach of contract based on Defendant's alleged failure to meet certain deadlines set forth in the parties' agreement. Plaintiff filed an amended complaint on February 17, 2009 ("FAC"). (Doc. 24). *Inter alia*, the FAC added a claim pursuant to California's Contractor State License Law ("CSLL"). The CSLL requires contractors performing construction work to be licensed at all times during the performance of such work, *see, e.g.*, *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co.*, 36 Cal. 4th 412,

**2**

425 (Cal. 2005), and bars an entity from recovering or retaining compensation for any work performed in connection with an agreement for services requiring a contractor's license unless proper licensure was in place at all times during such contractual performance, *White v. Cridlebaugh*, 178 Cal. App. 4th 506, 518 (Cal. Ct. App. 2009) (citation omitted).

On November 18, 2010, the court issued a memorandum decision granting: (1) Plaintiff's motion for summary judgment on its statutory claim for disgorgement under the section 7031(b), which allows recovery of all compensation paid to a contractor for performing unlicensed work; and (2) Plaintiff's motion for summary judgment on Defendant's counterclaim for breach of contract pursuant to section 7031(a), which shields a person who utilizes the services of an unlicensed contractor from lawsuits by that contractor to collect payment for unlicensed work.  (Doc. 118).

### III. **LEGAL STANDARD**.

A federal court sitting in diversity applies the law of the forum state regarding the award of attorneys' fees. *E.g., Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)(citations omitted). As a general matter, California follows the "American rule," which provides that each party to a lawsuit ordinarily pays their own attorneys' fees. *E.g., Lockton v. O'Rourke*, 184 Cal. App. 4th 1051, 1070 (Cal. Ct. App. 2010). California's Legislature codified the American rule in 1872 when it enacted California Code of Civil Procedure section 1021. *Trope v. Katz*, 11 Cal. 4th 274, 278 (1995).  Section 1021 provides:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement,

**3**

>express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided.

Cal. Civ Code § 1021 (2011). Pursuant to section 1021, parties "contract out" of the American rule "when there is an 'agreement, express or implied, of the parties' that allocates attorney fees.'" *Locton,* 184 Cal. App. 4th at 1070 (citing *Trope*, 11 Cal. 4th at 279). In order to determine whether an award of attorney fees is warranted under a contractual attorney fees provision, the reviewing court must examine applicable statutes and the provisions of the contract. *Id*. at 1076 (citations omitted).

Attorneys' fees provisions concerning actions "on a contract" are governed by California Civil Code section 1717. Section 1717 provides, in pertinent part:

>a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
>Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.
>
>Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
>
>Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.
>
>(b)
>
>   (1) The court, upon notice and motion by a party, shall

**4**

> determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

Cal. Code Civ. P. § 1717.

Section 1717 only applies to a party that prevails "on the contract." "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [] section 1717 only as they relate to the contract action." *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1111 (Cal. Ct. App. 1996) (citation omitted). Apportionment of a fee award between fees incurred on a contract cause of action and those incurred on other causes of action is within the trial court's discretion, however, fees need not be apportioned when incurred for representation on issues common to contract and non-contractual claims. *Id*. Where contract and non-contract claims are "inextricably intertwined," making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units," apportionment is not necessary. *Id*.

### IV. DISCUSSION.

Plaintiff seeks to recover attorneys' fees pursuant to a provision contained in the parties' contract that provides:

> if either party hires an attorney to enforce any provision of the Purchase Order, or files a law suit against the other for damages sustained by a breach, the prevailing party in such action shall be entitled to receive attorney's fees and costs as awarded by the

**5**

Court.

(Doc. 124, Cook Decl., Ex. A).[2]  Plaintiff invokes California Civil Code section 1717, contending that the order granting partial summary judgment renders Plaintiff the "prevailing party" in this action within the meaning of California Civil Code section 1717(b)(1).  Plaintiff's motion is premature.  "The prevailing party determination [under section 1717] is to be made *only* upon final resolution of the contract claims and *only* by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions," even if that law does not require entry of final of judgment.  *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (Cal. 1995) (emphasis added, citations and quotations omitted).

Section 1717(b)(1) defines "prevailing party" as the party "who recovered a greater relief in the action *on the contract*." Cal. Code Civ. P. § 1717(b)(1) (emphasis added). "When a party "obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims."  *Scott Co. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (Cal. 1999).  On the other hand, when neither party obtains complete victory on all the contract claims raised in an action:

> it is within the discretion of the trial court to

---

[2] Plaintiff does not contend that this provision is broad enough to permit recovery for attorneys' fees incurred litigating non-contract claims. *See Moshonov v. Walsh*, 22 Cal. 4th 771, 775 (Cal. 2000) (distinguishing between fees provisions containing broad language covering claims "arising out of the agreement" from fees provisions which specifically limit fee recovery to proceedings "brought to enforce the terms of this contract").

**6**

>determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees. In deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources.

*Id.* (citations and quotations omitted). The language of section 1717 emphasizes that the determination of who is the "prevailing party" for purposes of contractual attorney fees is to be made without reference to the success or failure of non-contract claims. *Hsu*, 9 Cal. 4th at 873-74.

The order granting Plaintiff partial summary judgment did not resolve all of the contract claims at issue in this action. Although Plaintiff has prevailed on its statutory claim under California's CSLL, Plaintiff has yet to prevail on its own breach of contract claim, which is subject to trial, especially as to the amount of damages, if any. Summary judgment on Defendant's counterclaim for breach of contract was based solely on the fact that California Business and Professions Code section 7031(a) precludes Defendant from recovering damages on its breach of contract claim. It did not adjudicate the claims on completion of the work and competing damage claims. Although a party is entitled to attorneys' fees under section 1717 "even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent," *see Hsu*, 9 Cal. 4th at 870, it is possible that Defendant will prevail on the substantive merits of Plaintiff's breach claim at trial, in which case the court may find that no party is the prevailing party regarding claims "on the contract," *Deane Gardenhome Assn. v. Denktas*, 13 Cal. App. 4th 1394, 1398

**7**

(Cal. Ct. App. 1993) ("a determination of no prevailing party results when both parties seek relief, but neither prevails"). In fact, depending on the outcome of trial, Defendant could establish that *it* is the prevailing party "on the contract," notwithstanding Defendant's inability to recover damages for Plaintiff's purported breach:

> When there are cross-actions on a contract containing an attorney fees provision, and no relief is awarded in either action, a trial court is not obligated to find that there is no party prevailing on the contract for purposes of section 1717. If the court concludes that the defendant's cross-action against the plaintiff was essentially defensive in nature, it may properly find the defendant to be the party prevailing on the contract.

*Hsu*, 9 Cal. 4th at 875 n. 10.

Plaintiff's reliance on *Pac. Custom Pools v. Turner Constr. Co.*, 79 Cal. App. 4th 1254 (2000) is misplaced. In *Pac. Custom Pools*, an order granting summary judgment on the basis of California's CSLL resolved **all** contract claims between the relevant parties. Here, by contrast, the order granting partial summary judgment only resolved Defendant's counterclaim for breach; Plaintiff's claim for breach of contract is subject to trial.

Plaintiff's motion for attorneys' fees pursuant to section 1717 is DENIED. The matter of the propriety of this motion is raised *sua sponte*. Not only is this motion indisputably premature, it cries out for an inquiry under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, whether appropriate remedies should not be imposed on Plaintiff and Plaintiff's counsel. Plaintiff shall have thirty (30) days to show cause why all time and any costs of this motion should not be disallowed, and why further appropriate sanctions against Plaintiff and Plaintiff's counsel should not be

imposed to deter vexatious conduct that unnecessarily multiplies the litigation.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's motion for attorneys' fees is DENIED;

2) Plaintiff is ordered to show cause why all time and any costs of this motion should not be disallowed, and why further sanctions should not be imposed on Plaintiff and Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, within thirty (30) days of electronic service of this decision; and

3) The hearing on this motion currently set for April 26, 2011 is VACATED.

IT IS SO ORDERED.

**Dated:   March 3, 2011**                    /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE